UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHAD FARLEY and JESSICA FARLEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:22-CV-127-TAV-DCP |
| | ) | |
| WAYNE POTTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order [Doc. 79] of referral by the District Judge.

Now before the Court is Defendant Todd White's ("Defendant White") Motion to Dismiss for Plaintiffs' Failure to Cooperate in Discovery [Doc. 68]. The Court has considered the filings in this matter, and for the reasons explained below, the Court **RECOMMENDS** that the District Judge **DENY** Defendant Todd White's Motion to Dismiss for Plaintiffs' Failure to Cooperate in Discovery [**Doc. 68**] without prejudice.

**I.    BACKGROUND**

Plaintiffs Chad Farley ("Mr. Farley") and Jessica Farley ("Mrs. Farley") filed their Complaint against Defendant White and thirty other Defendants on April 11, 2022 [Doc. 1].[1] Defendant White served the first set of interrogatories and request for production ("RFP" and collectively, the "Discovery Requests") on Plaintiffs on July 28, 2023 [Doc. 46]. Plaintiffs had sixty days, until September 26, 2023, to respond under the parties' Joint Rule 26(f) Discovery Planning Conference Report and Discovery Plan [Doc. 43 p. 5]. Neither Plaintiff responded by

---

[1] The details alleged in the Complaint are not pertinent to the pending motion.

the deadline [Doc. 69 p. 3]. On October 2, 2023, Mr. Farley asked counsel for Defendant White, Attorney Reid Spaulding ("Attorney Spaulding"), for an extension of time in which to file Plaintiffs' responses [Doc. 68-1 p. 2].[2] Attorney Spaulding agreed to extend the response deadlines until October 13, 2023 [*Id.* at 7]. On October 13, Teresa Lindbert[3] initially instructed Plaintiffs to submit their responses and any links or documents via email [*id.* at 9], but when Mr. Farley indicated his responses included numerous files, she sent him a "Sharefile link" to which Plaintiffs could upload everything [*id.* at 11]. In an email from Mr. Farley to Ms. Lindbert on October 16, Mr. Farley indicated that he had difficulty using the link and communicated that he would hand deliver "all of this" to Attorney Spaulding's office either that day or the next [*Id.* at 13].

On October 20, Attorney Spaulding sent a letter to Plaintiffs, indicating that he had not received their responses or supporting documents, and requesting that Plaintiffs provide them within a week of the letter [*Id.* at 14–15]. Attorney Spaulding also warned that if he did not receive the responses and documents to the Discovery Requests, then he "[would] be forced to contact the Court for further intervention" [*Id.*]. Neither Plaintiff responded, and Attorney Spaulding contacted chambers to schedule a conference with Plaintiffs regarding this discovery dispute [Doc. 69 p. 3]. Thereafter, on October 31, 2023, the undersigned directed the parties via email to submit position statements regarding the discovery dispute. Defendant White was to submit his statement on November 3, and Plaintiffs were to respond by November 13 [Doc. 53]. While Defendant White submitted his statement by the deadline [Doc. 68-2 pp. 1–5], Plaintiffs did not submit a

---

[2] Plaintiffs appear to use a joint email account for their company, Freedom Hills Campground, that contains both of their names in the signature. In the email on October 2 asking for an extension, only Mr. Farley signed his name in the body of the email [Doc. 68-1 p. 2].

[3] It appears from her email domain that Ms. Lindbert is associated with Attorney Spaulding's office.

response, and the undersigned entered an order for Plaintiffs to show cause by November 28 why the Court should not order their responses to Defendant White's Discovery Requests [Doc. 53]. Again, Plaintiffs did not respond by the date ordered, and on December 1, the undersigned ordered Plaintiffs to respond to Defendant White's Discovery Requests by December 13 and cautioned that "the failure to respond to Defendant White's discovery requests may warrant sanctions, including dismissal of their case" [Doc. 54]. On December 13, Plaintiffs produced responses to the Discovery Requests [Doc. 69 p. 4].[4]

The parties scheduled Plaintiffs' depositions originally for December 19, 2023 [Docs. 45, 46] but, due to various reasons provided by Mr. Farley, the depositions were rescheduled four times until January 30, 2024 [*See* Docs. 51, 52, 55, 56, 60, 61, 63, 64; Doc. 68-3; Doc. 68-4]. Mr. Farley emailed Attorney Spaulding on January 18 – the night before Plaintiffs' depositions were scheduled at that time – stating that Mrs. Farley "is medically unable to participate in this deposition" based on "her doctor's recommendations" and asking that he be permitted to have his "caretaker" present with him during the deposition [Doc. 68-4 p. 2]. Mr. Farley stated that he requires assistance because he has "hearing and vision limitations" as well as a traumatic brain injury and his "caretaker can help [him] identify certain things in documents or help [him] take notes to be able to respond better to [Defendant's] questions" [*Id.*]. Attorney Spaulding replied that he expected both Plaintiffs to appear and testify by themselves, noting that no motion for relief from the Notice of Deposition for Mrs. Farley had been filed and expressing that he was not aware

---

[4] Defendant White states that "[o]n the afternoon of . . . December 13, 2023, Plaintiffs finally produced incomplete and defective interrogatory responses and responses to the document requests to [his] attorney" [Doc. 69 p. 4]. However, Plaintiffs state that they provided "written discovery responses on December 27, 2023" [Doc. 77 p. 4 (citing "RE 68-3, PageID # 729")]. The Court notes that the document Plaintiffs cite to is an email between the parties about rescheduling the Plaintiffs' depositions because Mrs. Farley was diagnosed with COVID-19 [*See* Doc. 68-3 p. 2 (PageID #: 729)].

of any authority requiring that he accommodate Mr. Farley's request for a caregiver to participate in the deposition, "absent a court order" [*Id.* at 1].

Mr. Farley appeared for his deposition along with a non-attorney, Ms. Alanna Wightman, whom he claimed was his "ADA advocate" [Doc. 68-5 p. 6 (Deposition Transcript)]. The parties disagreed whether Ms. Wightman was allowed to be present during the deposition as well as engaged in a dispute regarding Attorney Jonathan Taylor's ("Attorney Taylor") presence [*See generally* Doc. 68-5].[5] Attorney Spaulding suspended the deposition. Plaintiff Mrs. Farley did not appear at her deposition [Doc. 69 p. 6].

On February 7, 2024, Defendant White filed the instant Motion to Dismiss for Plaintiffs' Failure to Cooperate in Discovery [Doc. 68] and supporting memorandum [Doc. 69]. Plaintiffs responded in opposition [Doc. 77], Defendant White replied [Doc. 80], and District Judge Thomas A. Varlan referred the matter to the undersigned [Doc. 79]. This matter is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a).

**II.     ANALYSIS**

Defendant White asks the Court to dismiss with prejudice Plaintiffs' Complaint due to their repeated, willful, and prejudicial failure to cooperate in discovery under Federal Rules of Civil Procedure 37(b) and 37(d) [Doc. 69 p. 6]. He argues that Plaintiffs have failed to fully comply with the Court's order that they respond to Defendant White' Discovery Requests [*Id.* at 6–7]. Defendant White also asserts that Mrs. Farley's failure to appear at her deposition and Mr. Farley's behavior at his deposition are grounds for dismissal [*Id.* at 16–18]. Defendant White seeks attorney's fees upon dismissal of the Complaint [*Id*. at 18]. If the case is not dismissed, he

---

[5]     Attorney Taylor represents a number of Defendants in this case. At the time of the depositions, his clients had not yet been properly served [Doc. 68-5 p. 25].

maintains that "any additional proceedings should be conducted at the United States District Courthouse . . . to ensure the safety of the attorneys and the Court Reporter" [*Id.*].

Plaintiffs responds that this is the first time Defendant White has asserted that Plaintiffs' responses were insufficient and that "Attorney Spaulding did not make a good faith effort to resolve this dispute prior to filing his motion" [Doc. 77 p. 4]. They further state that Plaintiffs "are willing to engage in a discovery conference with Attorney Spaulding" [*Id.* at 5]. Defendant White replies that Attorney Spaulding has contacted Plaintiffs numerous times regarding their refusal to cooperate in discovery and that, given Mr. Farley's behavior at his deposition, there is no reason for Defendant White to believe that a discovery conference between the parties would be productive [Doc. 80 pp. 2–3].

Rule 37 of the Federal Rules of Civil Procedure provides for sanctions where a party fails to comply with a discovery order, *see* Fed. R. Civ. P. 37(b)(2), or not attending its own deposition, serving answers to interrogatories, or responding to a request for inspection, *see* Fed. R. Civ. P. 37(d). Such sanctions may include "striking pleadings in whole or in part; staying further proceedings until the order is obeyed; [or] dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii)-(v). The sanction imposed is in the court's discretion. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). "Dismissal is a severe sanction. Granting dispositive relief—either dismissal or default judgment—for failure to cooperate in discovery 'is a sanction of last resort,' and may not be imposed unless noncompliance was due to 'willfulness, bad faith, or fault.'" *Dobbins v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 19-10546, 2020 WL 5847766, at *2 (E.D. Mich. Sept. 9, 2020) (quoting *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)), *report and recommendation adopted*, No. 19-CV-10546, 2020 WL 5819554 (E.D. Mich. Sept. 30, 2020). The Sixth Circuit

has instructed courts to consider the following four factors when deciding to impose discovery sanctions, such as dismissal, under Rule 37:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery"; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366–67 (6th Cir. 1997) (quoting *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150,154 (6th Cir. 1988)). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

### A. Discovery Requests

The undersigned finds that none of these factors weigh in favor of dismissal for Plaintiffs' responses to Defendant White's Discovery Requests. First, the record does not clearly indicate that Plaintiffs' delay was due to willfulness, bad faith, or fault. In order for a court to find that a party's failure was due to willfulness, bad faith, or fault, he "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). While Plaintiffs' responses were over two months late and they did not respond to the Court's show cause order [Doc. 53], the undersigned has reviewed the emails between Mr. Farley and Attorney Spalding and finds that they demonstrate that Mr. Farley attempted to provide responses in the beginning of October but faced technical difficulties using the electronic link. The undersigned also considers that Plaintiffs are representing themselves pro se and that they did ultimately provide some responses and documents. Defendant White argues that Plaintiffs' responses were incomplete. Even so, it does not appear that the parties participated

6

Case 3:22-cv-00127-TAV-DCP   Document 136   Filed 07/19/24   Page 6 of 11
PageID #: 1370

in a meet and confer as required by Rule 37(a) or the Court's Scheduling Order [Doc. 33], therefore giving Plaintiffs an opportunity to cure any deficiencies. Considering these circumstances, including Plaintiffs' pro se status and willingness to participate in a meet and confer [*see* Doc. 77 p. 5 ("Plaintiffs are willing to engage in a discovery conference with Attorney Spaulding.")], the Court finds that any deficiencies in their responses should not result in the drastic sanction of dismissal.

As for prejudice, the Sixth Circuit noted in *Harmon* that a party is prejudiced when "unable to secure the information requested" and "required to waste time, money, and effort in pursuit of cooperation which [the responding party] was legally obligated to provide." *Harmon*, 110 F.3d at 368. However, "there is nothing in the record demonstrating that Defendant[] [has] wasted substantial time, money, or effort due to the uncooperativeness of [Plaintiff]." *Carpenter v. City of Flint*, 723 F.3d 700, 707–08 (6th Cir. 2013) (noting that the assertion that a delay will make it difficult to secure relevant records and witnesses was unsupported by specific detail or evidence). Here, Plaintiffs provided responses approximately two months after the original deadline, but three months before the discovery deadline was to expire [Doc. 33; Doc. 115]. And Defendant White was able to move for summary judgment [*See* Doc. 71].

Turning to the third factor, Plaintiffs were warned "that the failure to respond to Defendant White's discovery requests may warrant sanctions, including dismissal of their case" [Doc. 54]. While Defendant White states that Plaintiffs' responses were deficient, the parties did not meet and confer regarding these deficiencies. Regardless, the Court finds an admonishment, *see infra* Section D, more appropriate than dismissal.

For these reasons, the undersigned does not recommend dismissing the case on these grounds as lesser sanctions or actions may be more appropriate.

### B. Mrs. Farley's Deposition

Similarly, the undersigned does not find dismissal an appropriate sanction for Mrs. Farley's failure to appear at her deposition. As to the first factor, Mrs. Farley did not appear for her deposition after Mr. Farley advised Attorney Spaulding the day before that she was "medically unable to participate . . . as you can see from her doctor's recommendations" [Doc. 68-4 p. 2]. It is the plaintiff's burden to show "that [her] failure to comply was due to inability, not willfulness or bad faith." *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). Here, Plaintiffs incorporate the exhibits from another filing [*see* Doc. 77 p. 1], which includes a note from Mrs. Farley's physician [Doc. 75-1 p. 2]. The medical note explains Mrs. Farley's health complications [*See id*.]. Further, Mr. Farley did notify Attorney Spaulding before the deposition that she could not participate due to a medical issue. In light of Plaintiffs' given reason, this factor weighs against dismissal. On the other hand, Defendant White prepared and appeared for Mrs. Farley's deposition but was unable to depose her prior to the discovery deadline expiring, so the second factor weighs in favor of dismissal.

As to the third and fourth factors, Mrs. Farley was never warned that failing to appear at her deposition could result in dismissal, and "the [C]ourt has not previously imposed or considered less drastic sanctions against [her]." *Kindred v. Memphis Light, Gas & Water Div.*, No. 19-CV-2660, 2021 WL 6751896, at *4 (W.D. Tenn. Apr. 21, 2021). Accordingly, there is no basis under Rule 37(d) to sanction Mrs. Farley at this time. *See Harmon*, 110 F.3d at 367 ("[The Sixth Circuit] has explained that where a plaintiff has not been given notice that dismissal is contemplated, 'a district court should impose a penalty short of dismissal unless the derelict party has engaged in "bad faith or contumacious conduct."'" (citation omitted)).

### C. Mr. Farley's Deposition

Finally, the undersigned does not find dismissal as an appropriate sanction under Rule 37 based on Mr. Farley's actions at his deposition. Rule 37 applies when a party fails to appear for their duly noticed deposition. Fed. R. Civ. P. 37(d). It is undisputed that Mr. Farley appeared for his deposition [*See* Doc. 69 p. 5]. However, Defendant White asserts that Mr. Farley's "abhorrent and threatening behavior during his deposition constitutes essentially non-participation and a failure to cooperate in discovery" [*Id*. at 17–18].

Although, "[c]ourts may dismiss a plaintiff's complaint as a sanction for violating discovery orders, procedural rules, or court orders" under Rule 37, *see* Fed. R. Civ. P. 37(b)–(c), "[a] court also has the inherent authority to sanction bad faith conduct, 'derive[d] from its equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings.'" *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) (citation omitted). "A primary aspect of [a court's inherent authority] is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). The same four factors apply in determining whether dismissal is appropriate under the Court's inherent authority as under Rule 37. *See Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 520–21 (6th Cir. 2016).

The undersigned has reviewed the transcript from Mr. Farley's deposition [Doc. 68-5] as well as the recording [Doc. 70] and finds that his actions, while inappropriate, do not warrant dismissal at this time. Mr. Farley was accompanied by a non-attorney, Ms. Wightman, at his deposition, and Attorney Spaulding objected to her presence. The undersigned notes that Mr. Farley's deposition was unproductive because Attorney Spaulding was unable to proceed with deposing him primarily because of his objection to Ms. Wightman's presence but also, in part, due

to Mr. Farley's questioning of Attorney Taylor's role at the deposition. The transcript and recording evince that Mr. Farley continually interrupted Attorney Spaulding, shouted at the attorneys, called them "cowards" numerous times, and used profane language [*See e.g.* Doc. 68-5 pp. 16–18, 28–29]. Nevertheless, "[t]he court recognizes that a more graduated approach to sanctions is encouraged in most circumstances," *Johnese v. Jani-King, Inc.*, No. CIV.A. 3:06CV0533, 2008 WL 631237, at *3 (N.D. Tex. Mar. 3, 2008), and "pro se litigants are generally entitled to a degree of leniency," *Cain v. City of Detroit*, No. 20-CV-11099, 2022 WL 3337141, at *3 (E.D. Mich. June 21, 2022), *report and recommendation adopted*, No. 220CV11099T, 2023 WL 372915 (E.D. Mich. Jan. 24, 2023). *See also Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1478 (D.D.C. 1995) ("[D]ismissal is a drastic step, normally to be taken only after unfruitful resort to lesser sanctions." (internal quotation marks omitted)). While "pro se [litigants] ha[ve] no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets," the undersigned does not find that Mr. Farley's behavior warrants dismissal at this time. *Porton v. SP One, Ltd.*, No. 6:15-cv-566, 2015 WL 1648893, at *2 (M.D. Fla. Apr. 13, 2015) (internal quotation marks omitted). *See Cf.*, *White v. William*, 423 F. App'x 645, 645–47 (7th Cir. 2011) (upholding dismissal for plaintiff's vulgar and disrespectful outbursts toward opposing counsel and the court); *Petito v. Brewster*, 562 F.3d 761, 763 (5th Cir. 2009) (upholding dismissal where plaintiff referred to a judicial officer in vulgar and abusive language and made potentially criminal threats to opposing counsel in emails); *Porton*, 2015 WL 1648893, at *3–4, 6 n.5 (dismissing case because the plaintiff engaged in threatening conduct toward defendant's employees and counsel, including leaving a voicemail recording of gunshots and threatening to punch an employee in the face).

The Court therefore recommends that Defendant White's request for dismissal based on Mr. Farley's actions at his deposition be denied.

### D. Other Sanctions

While the undersigned does not recommend dismissal at this time, the Court recommends that Plaintiffs be admonished that they are expected to fully and appropriately comply with the Federal Rules of Civil Procedure and warned that any future non-compliance with these rules may result in sanctions up to and including the dismissal for their case. *See* Fed. R. Civ. P. 37(b)–(d).[6]

## III. CONCLUSION

Accordingly, for the reasons explained above, the undersigned **RECOMMENDS**[7] that the District Judge **DENY** Defendant Todd White's Motion to Dismiss for Plaintiffs' Failure to Cooperate in Discovery [**Doc. 68**] without prejudice.[8]

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[6] As previously noted, Defendant White suggests that all further proceedings take place at the courthouse [Doc. 69 p. 18]; however, in light of the recommended admonishment, it is unnecessary to address this matter at this time.

[7] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).

[8] Defendant White requests attorney's fees upon dismissal of the Complaint. Because the Court has not recommended dismissal, the Court declines to recommend an award attorney's fees.