UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CHAD FARLEY and JESSICA FARLEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.: 3:22-CV-127-TAV-DCP |
| ) | |
| WAYNE POTTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This action is before the Court on periodic review. Plaintiffs filed their *pro se* complaint on April 11, 2022 [Doc. 1]. Since that time, this litigation has been plagued by insufficient pleadings [*see* Docs. 18, 88], service of process issues [*see* Docs. 11–16], discovery-related disputes [*see* Doc. 136], and a previous show-cause order for failure to prosecute [Doc. 137]. On January 3, 2025, United States Magistrate Judge Debra C. Poplin denied plaintiffs' Motion to Quash Deposition Notices [Doc. 158] and ordered the parties to file a joint status report regarding, *inter alia*, deposition scheduling and accommodations [Doc. 162, p. 8]. Because plaintiffs did not appear to respond to multiple attempts by defendants in order to prepare the ordered joint status report, the Court recently ordered plaintiffs to show cause within ten days why this case should not be dismissed for failure to prosecute [Doc. 164]. In that order, the Court cautioned plaintiffs that failure to respond to the show-cause order would be grounds for the Court to dismiss this case for failure to prosecute without further notice. *See* E.D. Tenn. L.R. 7.2 (providing that failure to respond to a motion "may be deemed a waiver to any opposition to the relief sought").

More than 10 days have passed, and plaintiffs have failed to respond to the Court's show-cause order or otherwise take any action in this case. "District courts are empowered to dismiss actions when a litigant fails to comply with a court order, or fails to prosecute a case." *Fuller v. Gerth*, 468 F. App'x 587, 588 (6th Cir. 2012) (affirming district court's dismissal of plaintiff's complaint due to his failure to comply with the court's order). "When evaluating whether to dismiss a case under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* at 588 (quoting *Stough v. Mayville Cmty. Sch.,* 138 F.3d 612, 615 (6th Cir. 1998)).

The Court finds that plaintiffs' failure to respond is due to willfulness, bad faith, or fault; that plaintiffs were warned that failure to respond would lead to dismissal; and that the Court considered less drastic sanctions but found that they would be ineffective under these circumstances. *See Fuller*, 468 F. App'x at 588. In reaching this finding, the Court notes in particular that its most recent show-cause order [Doc. 164] was the second such order for failure to prosecute this case. This case is thus **DISMISSED with prejudice** for failure to prosecute and for failure to follow the Court's orders. *See* Fed. R. Civ. P. 41(b). The Clerk of Court is **DIRECTED** to close this case. An appropriate order shall enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE